John **MANIOS**, Plaintiff—Appellant,

v.

Togo D. **WEST**, Jr., Secretary of the Army; United States Department of Defense; Department of the Army; Army Corps Engineers; Robert Davis, Colonel, Commander of the Los Angeles District, Army Corps of Engineers, Defendants—Appellees.

No. 01–57121.

D.C. No. CV–98–07260–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2003.*

Decided April 14, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, SNEED and SKOPIL, Circuit Judges.

### MEMORANDUM**

John Manios, a former civilian employee of the United States Army, appeals the entry of summary judgment in this action alleging discrimination on account of age, gender and national origin. Specifically, he challenges the district court's ruling that events that predated the filing of a union grievance cannot be used to establish the factual basis for his federal claims, a ruling that had the effect of eliminating the gender and age discrimination claims and limiting the time frame for the national origin claim. Manios also challenges the court's ruling that he failed to establish a prima facie case of discrimination on the basis of his national origin. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### DISCUSSION

■ We agree with the district court that Manios's election of his union grievance procedure limits the availability of any statutory remedies. In *Vinieratos v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the

*Air Force,* 939 F.2d 762, 768 (9th Cir. 1991), we explained that the Federal Labor–Management Relations Act, 5 U.S.C. §§ 7101–35, "governs the methods and manner by which a federal employee with exclusive union representation may challenge an adverse personnel decision by the government agency that employs him." As we noted in that case, "[u]nder the terms of the Act, a federal employee who alleges employment discrimination must elect to pursue his claim under either a statutory procedure or a union-assisted negotiated grievance procedure; he cannot pursue both avenues, and his election is irrevocable." *Vinieratos,* 939 F.2d at 768.

■ Manios argues that he should be permitted to pursue statutory remedies for his discrimination claims that were not the subject matter of his union grievance. The Act's implementing regulations provide, however, that "[a]n aggrieved employee who files a grievance ... may not thereafter file [an EEOC] complaint on the same matter ... irrespective of whether the grievance has raised an allegation of discrimination." 29 C.F.R. § 1614.301(a). Manios also contends that he should be entitled to judicial review of the denial of his grievance. The district court correctly noted, however, that Manios failed to exhaust his contractual remedies by not proceeding to arbitration. *See Vinieratos,* 939 F.2d at 769 (noting that abandonment of one process to pursue another avenue of relief constitutes a failure to exhaust). Finally, there is no merit to Manios's contention that his subsequent filing with the EEOC somehow revoked his prior election of remedies and resurrected his discrimination claims.

The district court ruled that the events that postdated Manios's union grievance

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

were not sufficient to establish a prima facie case under Title VII of either disparate treatment or hostile work environment based on national origin. *See Kang v. U. Lim America, Inc.*, 296 F.3d 810, 817–18 (9th Cir.2002) (listing elements of prima facie case). We agree. Although Manios alleges mistreatment, he makes no factual comparisons between himself and any co-worker or asserts any claim that the alleged misconduct was based on national origin. As the district court carefully explained, Manios failed to identify "awards or promotions *to which he was entitled* but did not receive because they went to another employee who was not a member of the protected class . . . ." (emphasis in original). Although Manios identifies several incidents that he claims created a hostile working environment, the record indicates to us that these incidents were isolated, not physically threatening or humiliating, and did not unreasonably interfere with Manios's work. *See Vasquez v. County of Los Angeles*, 307 F.3d 884, 892–93 (9th Cir.2002).

Finally, there is no merit to Manios's claim on appeal that he should be permitted more discovery. Although Manios identifies witnesses he now seeks to "interrogate" (union officials and supervisors), he does not indicate what relevance their testimony might have and does not offer any explanation why they were not previously deposed. *See U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 934 (9th Cir.2002).

**AFFIRMED.**